# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHERYL MCNEARY } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | Docket No.: |
| } | JURY DEMANDED |
| } | |
| THE STATE OF TENNESSEE } | |
| DEPARTMENT OF SAFETY; } | |
| TENNESSEE HIGHWAY PATROL, } | |
| As an agency of the State of Tennessee; } | |
| and Tracey Trott, individually and in his } | |
| Official capacity, as the Colonel of the Tennessee } | |
| Highway Patrol } | |
| } | |
| } | |
| } | |
| Defendants. } | |

## FIRST COMPLAINT FOR DAMAGES FOR VIOLATIONS OF
## TITLE VII, 42 U.S.C. §1981 AND 42 U.S.C. §1983 AND VIOLATION OF TENNESSEE
## HUMAN RIGHTS ACT

COMES NOW the Plaintiff, Cheryl McNeary by and through her counsel of record and for a cause of action would show to the Court as follows:

### I.

### PRELIMINARY STATEMENT

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 as amended 1991 *et. seq.,* 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 *et seq.,* Tennessee common law including punitive damages resulting from outrageous conduct, hostile work environment and intentional infliction of emotional distress pursuant to Tenn. Code Act §4-21-401 *et seq.*

2. This action is also brought against Plaintiff's employer, Tennessee Highway Patrol and alleges discrimination in the terms and conditions of employment on the basis of gender discrimination and allegations include disparate impact, pattern and practice and disparate treatment including but not limited to hostile work environment and retaliation.

## II.
## JURISDICTION and VENUE

3. Jurisdiction of this action is invoked pursuant to 28 U.S.C. § 1331 and § 1343. This is an action authorized by and filed pursuant to 42 U.S.C. §§1981, 1983. Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to consider the state law claims because those claims arise out of the same facts and circumstances as the federal claims under Article III of the United States Constitution.

4. The unlawful employment practices and other actionable conduct were and continues to be committed within the jurisdiction of the United States District Court for the Western Division in the Western District of Tennessee.

5. Plaintiff timely filed a charge of discrimination (No. 490-2011-00428) with the Equal Employment Opportunity Commission on March of 2010. A true and correct copy of said

charge was previously attached to original complaint as Exhibit "A". On April 26, 2011, 2005, the Equal Employment Opportunity Commission issued its Notice of Right to Sue for Charge No., 250-2004-01634. A true and correct copy of said charge was previously attached to original complaint as Exhibit "B". Plaintiff received the Right to Sue Notice on or about May 1, 2011.

6. This action itself is timely filed.

## III.
## PARTIES

7. The Plaintiff, Cheryl McNeary is and was at all times relevant to this action a female resident of Memphis, Shelby County, Tennessee. Ms. McNeary is a current employee of the Tennessee Highway Patrol.

8. The Defendant, Tennessee Department of Safety commissions the Tennessee Highway Patrol as a law enforcement unit throughout the state of Tennessee. The Tennessee Highway Patrol ("THP") station relevant to this complaint is located at 6348 Summer Avenue, Memphis, Tennessee 38143. The Department is in charge of 87,000 miles of state and federal highways and its responsibility include issuing driver's licenses, issuing vehicles licenses and investigating highway crashes. As of the relevant time frame of this action the THP has 971 commissioned officers.

9. The Defendant, Tracey Trott holds the rank of Colonel in the Tennessee Highway Patrol at times relevant to this complaint and was supervisor to the Plaintiff. He can be served with process at 6348 Summer Avenue, Memphis, Tennessee 38143.

## IV.
## FACTS

10. The allegations set forth in Paragraphs 1 through 9 of this Complaint are incorporated herein by reference.

11. Plaintiff, Cheryl McNeary (hereinafter "McNeary") is state trooper with the Tennessee Highway Patrol ands is stationed at the highway patrol office located on Summer Avenue in Memphis Tennessee. She was hired in 1984 as a driver's license examiner and currently holds the rank of Lieutenant. Plaintiff graduated from the Tennessee Highway Patrol Training Academy in April of 1994 and was promoted to Sergeant in March of 2002. After being promoted Plaintiff was transferred to Tipton County and required to move there under an Agency residency requirement. The Plaintiff was transferred back to Shelby County in July of 2002.

12. McNeary is currently the only black female Lieutenant on the Tennessee Highway Patrol. She previously filed an EEOC charge in 2004 alleging sexual harassment against the State of Tennessee.

13. Even though McNeary was promoted to Lieutenant in 2007, this was a promotion based on seniority and testing. McNeary should have been allowed to become the day shift Lieutenant in the Memphis post however, after her successful ascension to Lieutenant the day shift supervisor position was eliminated without explanation forcing McNeary to move to a position on the night shift.

14. McNeary was injured off duty in 2009 and was refused reasonable accommodation as she was in a walking boot. She was told that she could not wear her uniform while wearing the walking boot and perform the duties of a lieutenant. Incredibly, Lieutenant McNeary was forced to report to the troop and perform the duties of a secretary.

15. McNeary was not allowed to sit in her office but was forced to sit next to the secretary for eight (8) hours a day. McNeary was not addressed but any of the ranking officers and upper management would pass information through the secretary rather than address her directly. This cold shoulder treatment continued from January 2009 until the present.

16. This treatment was not enforced across the board with similarly situated white troopers as a male white trooper was photographed with his arm in a sling with his uniform on and he was not taking off this desk nor told that he could not wear his uniform.

17. McNeary returned to work in February of 2010 and was given the lowest evaluation of her career and she filed a formal complaint in March 22, 2010 and the evaluation grade was ultimately removed from her file.

18. Recently, McNeary was suspended without pay in September of 2010 for failing to perform annual inspections of trucks at the scales in the first six (6) months of the year however this has never been a requirement that inspections be performed at a specific time. This is the first suspension of any kind for McNeary and the suspension remains on her record at the date of filing.

19. McNeary believes that these actions amount to a hostile work environment for woman at

   the Department of Safety and a continued pattern of retaliation with obvious adverse implications for McNeary's continued employment.

20. McNealy contends that the actions of the State of Tennessee Department of Safety are disparate toward woman who work for the Agency in general and for female troopers in specifically.

21. In 2005, when the Plaintiff had a previous EEOC charge Plaintiff was told by other troopers by upper management in the THP that the EEOC complaint was going to be turned around on her.

## CAUSE OF ACTION:
## GENDER DISCRIMINATION

22. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this Complaint as though fully set forth here.

23. Since January 2001 and continuing to the present the Defendants have engaged in unlawful employment practices in violation of Title VII as amended, 42 USC § 2000e-2(a), § 1981, 1983 and the Tennessee Human Rights Act. The unlawful practices include, but are not limited to discrimination against the Plaintiff on the basis of gender in the form of physical assaults, and verbal comments made by various officers to the Plaintiff because of her sex.

24. Defendants' conduct constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling Plaintiff to punitive damages.

## CAUSE OF ACTION:
## HOSTILE WORK ENVIRONMENT

25. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs 1-22 of this Complaint as though fully set forth here.

26. Since at least 2002, Defendants have engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. 1981, 1983 and Tennessee Common Law.

27. Plaintiff was demeaned, mocked and humiliated by her fellow offices and her supervisors allowed such conduct and these acts occurred on a regular basis based on her gender.

28. As a proximate result of the conduct of the Defendants, Plaintiff has been damaged in an amount which has not yet been determined but which exceeds $75,000.00.

29. Defendants' conduct constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling Plaintiff to punitive damages.

## CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND OUTRAGEOUS CONDUCT

30. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this Complaint as though fully set forth here.

31. The foregoing acts of Defendants include, but are not limited to, advising the Plaintiff that her EEOC complaints were going to be turned on her and that she could sue anyone

she wanted.  Threatened suspension without cause, subjected her to a loss of pay, unequal working conditions and failing to investigate her complaints in a timely manner. These acts were and are intentional and/or reckless are so outrageous so as not to be tolerated by civilized society, and resulted in serious mental injury to Plaintiff.

32. As a direct and proximate result of Defendant's outrageous and intentional infliction of emotional distress, Plaintiff has suffered damages.

33. Defendants' conduct constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling Plaintiff to punitive damages.

## CAUSE OF ACTION:
## DUE PROCESS VIOLATION UNDER § 1983

34. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this Complaint as though fully set forth here.

35. Since July 2002, and continuing to the present the Defendants have engaged in unlawful practices in violation of 42 U.S.C. § 1983. The unlawful practices include, but are not limited to failure to investigate the Plaintiff's claims, threatening the use of the color of law to prosecute the Plaintiff and due process of law prior to effecting her demotion.

36. Defendants' conduct constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling Plaintiff to punitive damages.

## CAUSE OF ACTION

## RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 and TENNESSEE HUMAN RIGHTS ACT §4-21-301

37. Plaintiff incorporates by reference all allegations in the preceding paragraphs of this Complaint as fully set forth here.

38. Plaintiff after pursuing her right to engage in protected activity by filing internal complaints alleged sex discrimination as early as 2004, and continuing as late as September of 2010 was subjected to adverse treatment from the Defendant, Department of Safety.

39. The adverse treatment of the Plaintiff manifested itself in the denial of job benefits, suspension, threats, reprimands, negative evaluations, harassment, or other adverse treatment as related herein the Complaint.

40. Plaintiff contends that the acts as described above amount to unlawful retaliation for her protected activity of complaints of discriminatory treatment.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having suffered damages demands the following relief against Defendants:

A. Judgment be entered declaring that the actions of the Defendant, Tennessee Highway Patrol by and through its agents servants and employees are in violation of Title VII of the 1964 Civil Rights Act, the Tennessee Human Rights Act, 42 U.S.C. §1981 and 42 U.S.C. §1983.

B. Injunctive relief prohibiting Defendant from further harassment and retaliation;

C. As to the Title VII, the Tennessee Human Rights Act, 42 U.S.C. §1981 and 42 U.S.C. §1983 that judgment against the Defendant, Tennessee Highway Patrol for all benefits and equitable relief including back pay and benefits to which Plaintiff may be entitled including promotions, career ladder advancement and compensatory and punitive damages as may be available under said applicable statutes;

D. As to the state tort of intentional infliction of emotion distress Plaintiff be awarded compensation damages in the amount of $2,000,000.00 against the Tennessee Highway Patrol and punitive damages in the amount of $5,000,000.00.

E. That Plaintiff be awarded her reasonable attorneys fees together with cost and disbursements as well as prejudgment interest as provided by law;

F. Plaintiff be awarded such other relied as the court determine is just under the law or in equity or as may be appropriate to effectuate the purposes of the statutes relied upon and;

G. Jury trial is demanded.

        RESPECTFULLY SUBMITTED,

        JOHNSON AND BROWN, P.C.

11 South Idlewild Street
Memphis, Tennessee 38104
(901) 725-7520 TELEPHONE
(901) 725-7570 FACSIMILE
fjraines@johnsonandbrownlaw.com

/s/Florence M. Johnson
FLORENCE M. JOHNSON #15499